IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAWN R. HEARD                                                                                    PLAINTIFF

v.                                          Civil No. 12-3046

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Dawn Heard, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and social security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed her applications for DIB and SSI on March 17, 2009, and August 27, 2009, respectively, alleging an onset date of April 1, 2008, due to "mental/personality disorder/post traumatic stress disorder." Tr. 95-102, 150, 169-170, 187-190. Plaintiff's claims were denied at both the initial and reconsideration levels. Tr. 38, 41-44, 54-56. An administrative hearing was held on October 28, 2010. Tr. 21-37. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 25 years old and possessed a high school education. Tr. 24, 35, 160. Plaintiff had no past relevant work ("PRW") experience. Tr. 138-144, 151, 157-167.

On December 20, 2010, the ALJ found Plaintiff's mood disorder, borderline intellectual functioning ("BIF"), and headaches were severe, impairments. Tr. 13. Prior to January 9, 2010, he

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

concluded that the Plaintiff's impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 13. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that, prior to January 9, 2010, the Plaintiff retained the residual functional capacity ("RFC") to perform light work

> except the work should be where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required. The supervision required should be simple, direct, and concrete. The work should require the claimant to occasionally lift/carry items weighing up to 20 pounds, and frequently items weighing up to 10 pounds. The work should require the can sit [sic] for 6 hours and stand/walk for 6 hours out of an eight-hour workday (with normal breaks).

Tr. 13-14. With the assistance of a vocational expert, the ALJ determined Plaintiff could per form work as a production worker, maid/house cleaner, and meat cutter. Tr. 18. However, beginning on January 9, 2010, the ALJ found the severity of Plaintiff's impairments met the criteria of section 12.06 of CFR Part 404, Subpart P, Appendix 1. *See* 20 CFR 404.1520(d), 404.1525, 416.920(d), and 416.925

On February 15, 2012, the Appeals Council denied Plaintiff's request for review. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 9.

The Court has reviewed the entire record in this case, including the transcript of the administrative hearing, Plaintiff's medical records, the ALJ's opinion, and the appeal briefs filed by the parties. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it

adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider

3

the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's conclusion that Plaintiff's impairments were not disabling prior to January 9, 2010. After reviewing the record, we can not say that substantial evidence supports a finding that Plaintiff's disability began on this date. Treatment notes from the delivery of Plaintiff's second child in October 2007 reveal a long history of depression and suicidal ideation. Tr. 221-226. In February 2009, Plaintiff was hospitalized for approximately four days due to a suicide attempt. Tr. 217-218, 234-239, 241-260. Records indicate that she had cut herself. She was diagnosed with major depressive disorder and borderline personality disorder, and assessed with a global assessment of functioning ("GAF") score of 31[2], at the time of discharge. Records indicate that Plaintiff suffered from mood lability, significant anxiety, suicidal ideation, problems with thought patterns, and angry outbursts.

In September 2009, she underwent a mental assessment with Jan Camp, a counselor at the Center for Individual and Family Development. Tr. 261-272. Ms. Camp noted Plaintiff's traumatic history of childhood abuse, foster homes, and domestic violence. She also indicated that Plaintiff had lost two children to the State, due to her domestic situation and her own mental issues. Ms. Camp diagnosed Plaintiff with intermittent explosive disorder, dysthymic disorder, borderline intellectual functioning, and dependent personality disorder. She assessed Plaintiff with a GAF of 52[3], noting her continued problems with aggressive outbursts in spite of her use of medication.

---

[2] A GAF of 31 is indicative of some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).

[3] A GAF of 52 is indicative of moderate symptoms. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).

4

In October 2009, Dr. Charles Nichols performed a mental diagnostic evaluation of Plaintiff. Tr. 273-278. Plaintiff reported continued suicidal ideation and intense, angry outbursts that were often out of proportion to the triggering situation. She also endorsed self-mutilation behaviors, stating she cut herself with a box cutter about once a month when feeling hopeless and depressed. Dr. Nichols ultimately determined that Plaintiff was suffering from depressive disorder not otherwise specified, personality disorder not otherwise specified, and borderline personality traits. He also assessed her with a GAF between 50 and 55.[4]

After reviewing this evidence, the undersigned is of the opinion that remand is necessary to allow the ALJ to revisit Plaintiff's onset date. We are also concerned by the ALJ"s failure to find Plaintiff's personality disorder to be a severe impairment. *See Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (a severe impairment is defined as one which 'significantly limits the claimant's physical or mental ability to do basic work activities). Although the record reveals some marijuana and alcohol use and issues with medication compliance, research proves that drug abuse is very common among individuals suffering from borderline personality disorder. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS FIFTH EDITION ("DSM-5") 664 (2013). Further, treatment of borderline personality disorder is often complicated "by the fact that the characteristics that define a personality disorder may not be considered problematic by the individual." *Id*. at 647. Accordingly, on remand, the ALJ is directed to reconsider the evidence concerning Plaintiff's borderline personality disorder. A functional assessment should be obtained from Plaintiff's treating physicians, including questions concerning Plaintiff's alcohol/drug use and medication non-compliance and whether these factors are a product of her illness or a factor contributing to her illness.

---

[4] A GAF of 51 to 60 is indicative of moderate symptoms. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).

5

We also note that the GAF scale utilized by DSM IV-TR has been dropped from the DSM-5, in favor of a more clear and concise global measure of disability referred to as the World Health Organization Disability Assessment Schedule ("WHODAS"). *See* Diagnostic and Statistical Manual of Mental Disorders Fifth Edition ("DSM-5") 16, 745-748 (2013). Accordingly on remand, the ALJ is directed to recontact Plaintiff's treating sources to have them assess Plaintiff utilizing the WHODAS contained on pages 747 and 748 of the DSM-5.

Additionally, Plaintiff advised Dr. Nichols that she had been treated by Heath Resources of Arkansas in Harrison, Arkansas for a period of two years. The record does not, however, contain these records. Accordingly, on remand, the ALJ is directed to obtain these records before rendering a final decision. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made).

V.  **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of July 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE